<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RECEIVED

NOV - 7 2014

AT 8:30_____M
WILLIAM T WALSH CLERK

|  |  |
|---|---|
| ALEXANDR KURTANIDZE,<br><br>Plaintiff,<br><br>v.<br><br>STARNET INSURANCE COMPANY,<br>BERKLEY RISK ADMINISTRATORS<br>COMPANY, LLC,<br><br>Defendants. | Civil Action No. 14-851 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Defendants' motion to dismiss the complaint as to Defendant Berkley Risk Administrators Company, LLC ("BRAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for a more definite statement as to Defendant StarNet Insurance Company ("StarNet") pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.[1] (ECF No. 9.)  Plaintiff Alexander Kurtanidze filed opposition to Defendants' motion (ECF Nos. 13, 14), and Defendants replied (ECF No. 15).  The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons stated below, and for other good cause shown, Defendants' motion is granted.

---

[1] By correspondence dated May 1, 2014, Plaintiff informed the Court that he agreed to amend his Complaint to include a more definite statement.  As such, Defendant StarNet's motion for a more definite statement is granted, and Plaintiff shall file an Amended Complaint by the date set in the Order entered in conjunction with this Memorandum Opinion.

I.      **Background**

On February 6, 2014, Plaintiff filed a Verified Complaint seeking a declaratory judgment

arising out of an insurance dispute for coverage stemming from an underlying automobile accident

(the "Complaint"). (ECF No. 1.)  Plaintiff alleges that on or about April 9, 2011, he was a driver

employed by Accurate Petroleum Carriers, LLC ("Accurate Petroleum") when the truck he was

operating was involved in an accident (the "Accident") caused by an abrupt lane change made by

Jennifer Christie. (*Id.* ¶¶ 12, 14.)  At the time of the Accident, the truck Plaintiff was operating

was hauling a tanker-trailer containing approximately 7,500 gallons of fuel. (*Id.* ¶ 12.)  As a result

of the Accident, Plaintiff suffered "severe and grave injuries to his person," and the tanker-trailer

"ruptured and leaked gasoline into [a] wooded area." (*Id.* ¶¶ 20, 21.)

At the time of the Accident, Jennifer Christie maintained an insurance policy with GEICO.

(*Id.* ¶ 22.)  GEICO tendered its full policy limit to Plaintiff as a result of the Accident. (*Id.* ¶ 23.)

Plaintiff alleges that the truck he was driving at the time of the Accident was insured by StarNet

through an insurance policy issued to his employer, Accurate Petroleum.  Plaintiff alleges that

StarNet issued a Business Auto Policy, policy number GSA0000219-00, to named insured

Accurate Petroleum for a policy period from August 18, 2010 to August 18, 2011, with a one

million dollar limit in uninsured/underinsured motorist liability coverage (the "StarNet Policy").

(*Id.* ¶¶ 5, 31, 33.)  Plaintiff's Complaint alleges that BRAC is the "claim administrator" for StarNet.

(*Id.* ¶ 11.)

In his Complaint, Plaintiff alleges that the truck he was driving was insured by the StarNet

Policy at the time of the Accident. (*Id.* ¶ 38.)  Plaintiff additionally alleges that Defendants

approved the GEICO settlement, and thus, he "was entitled to collect up to $1,000,000.00 under

the UIM Coverage" of the StarNet Policy. (*Id.* ¶¶ 24, 25, 40.)  On or about August 2, 2012, a

2

BRAC employee sent correspondence to Plaintiff stating that $298,208.32, the amount of environmental clean-up costs from the Accident, had been deducted out of the total limits available under the StarNet Policy to Plaintiff. (*Id.* ¶ 72; Compl., Ex. E, ECF No. 1-4.) Plaintiff's Complaint further alleges that the amount deducted from the StarNet Policy limits includes "costs indirectly-related to clean up efforts, such as thousands of dollars in legal fees." (Compl. ¶ 28.)

Plaintiff's Complaint seeks a declaratory judgment against StarNet and BRAC. As against StarNet, Plaintiff asserts StarNet "wrongfully depleted the total amount available to Plaintiff under the UIM Coverage," and thus, "Plaintiff is entitled to a declaration" that StarNet may not deduct such costs and "must disgorge any such retained monies." (*Id.* ¶¶ 42-43.) As against BRAC, Plaintiff asserts that BRAC "caused" StarNet to deduct the amounts available and wrongfully deplete the total amount available to Plaintiff under the StarNet Policy. (*Id.* ¶¶ 52-53.) Plaintiff seeks "a declaration that [BRAC] may not cause [StarNet] to deduct costs related to environmental clean-up as well as other costs, such as attorneys' fees, from the UIM Coverage and must disgorge any such retained monies or monies spent to clean up the spill." (*Id.* ¶ 54.)

## II.   **Standard of Review**

When considering a motion to dismiss for failure to state a claim, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Last, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting

*Iqbal*, 556 U.S. at 679).   It is a defendant's burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III.   Analysis

In his Complaint, Plaintiff seeks a declaratory judgment against BRAC, that BRAC "may not cause" StarNet to deduct certain costs from the StarNet Policy. (Compl. ¶¶ 44-54.) Defendant BRAC has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint for failure to state a cause of action against BRAC.  BRAC argues that the "Complaint fails to allege any contractual relationship, duty or other basis for liability against BRAC, who did not issue the insurance policy." (Defs.' Br. 1, ECF No. 9-1.)  In opposition, Plaintiff asserts that as the "claim administrator" for StarNet, BRAC owes a duty to Plaintiff under both the StarNet Policy and any contract between BRAC and StarNet.  (Pl.'s Opp'n 4, ECF No. 14.)  In support of his position, Plaintiff directs the Court to *Werrman v. Aratusa, Ltd.*, 266 N.J. Super. 471 (App. Div. 1993), for the proposition that "a cognizable cause of action against BRAC exists in that [Plaintiff] is the third-party beneficiary of the contract between BRAC and StarNet." (*Id.* at 4-5.)  Assuming the truth of the Complaint's allegations, drawing all reasonable inferences therefrom in Plaintiff's favor, and considering all possible theories for relief, Plaintiff has failed to state a cognizable claim against BRAC in the Complaint.  Plaintiff's argument is unavailing as Plaintiff has not alleged sufficient facts to establish that Plaintiff is a third-party beneficiary under the StarNet Policy or any contract between BRAC and StarNet.

In *Werrman*, the New Jersey Appellate Division held that an injured party has a valid claim as a third-party beneficiary of an agreement between the insured and the agent, because members of the general public are deemed intended beneficiaries under such a contract.  The New Jersey Appellate Division has explicitly limited its holding in *Werrman* to only cases involving "broker

4

liability to third parties arising from a breach of a contractual duty to the insured to procure or maintain insurance coverage." *Porowski v. Rehm*, No. 4039-07T3, 2008 WL 5273086, at *4 (App. Div. Dec. 22, 2008); *see also Hanover Ins. Co. v. Yu Guan*, No. 2840-07T1, 2009 WL 537067, at *5 (App. Div. Mar. 5, 2009). Here, drawing all reasonable inferences in Plaintiff's favor, Plaintiff does not allege that it is a third-party beneficiary of an agreement between the insured, Accurate Petroleum, and the insured's agent; rather, he claims that he is a third-party beneficiary of either the StarNet Policy or a contract between the StarNet and BRAC. In other words, Plaintiff's claim is grounded in a duty created by either (1) a contract between the insured and the insurer, or (2) a contract between the insurer and the insurer's agent. No such legally actionable duty exists. As Plaintiff has not pleaded the existence of any cognizable claim against BRAC, Defendant BRAC's motion to dismiss under Rule 12 for failure to state a claim must be granted.

## IV.   Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendants' motion to dismiss the complaint as to Defendant BRAC, and for a more definite statement as to Defendant StarNet is granted.

_____
**Michael A. Shipp**
**United States District Judge**

**Dated:** November 7, 2014