**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEXANDR KURTANIDZE,<br>Plaintiff,<br>v.<br>STARNET INSURANCE CO.,<br>Defendant. | Civil Action No. 14-851 (MAS) (TJB)<br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff Alexandr Kurtanidze's untimely request for an extension to file opposition to Defendant StarNet Insurance Co.'s motion to dismiss the complaint for failure to comply with the Court's November 7, 2014 Order ("Order"). (ECF No. 20.) In the Order, the Court granted Defendant's motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure (ECF No. 9) and directed Plaintiff to file an amended complaint with thirty days. (ECF No. 18.) Approximately two months later, Defendant filed its motion to dismiss the complaint, as Plaintiff had failed to comply with the Order. (ECF No. 19.) On April 6, 2014, the return date for Defendant's motion, Plaintiff made the request for an extension of time to file opposition (ECF No. 20), and on the same day, filed an amended complaint (ECF No. 22). Defendant has opposed Plaintiff's request for an extension and requests that the Court dismiss the complaint. (ECF No. 21.)

The Court first notes that Plaintiff's amended complaint was filed outside of the timeframe set by the Court and is thus improper. Under Rule 12(e), "[i]f the [C]ourt orders a more definite statement and the order is not obeyed . . . within the time the [C]ourt sets, the [C]ourt may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). Here, Plaintiff is four

months late in complying with the Court's Order. Although dismissal of the case may be appropriate in these circumstances, here, the Court is not inclined to shut the courthouse doors to Plaintiff based solely on his counsel's dilatoriness. Rather, a more appropriate course of action is to direct Plaintiff to seek the Court's leave to file his amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure and the standards applicable under that rule. *Cf. Schaedler v. Reading Eagle Publ'ns, Inc.*, 370 F.2d 795, 798-99 (3d Cir. 1967). Defendant may then oppose that motion on any appropriate grounds.

Based on the foregoing, and for other good cause shown,

IT IS on this 13th day of April 2015, **ORDERED** that:

1. Plaintiff's amended complaint (ECF No. 22) is stricken and shall be removed from the docket by the Clerk;

2. Plaintiff shall file a motion for leave to file an amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure by **April 24, 2015**;

3. Any opposition from Defendant to such a motion shall be filed by **May 4, 2015**;

4. Any reply from Plaintiff must shall be filed by **May 11, 2015**;

5. Defendant's motion to dismiss (ECF No. 19) is **DENIED**; and

6. Plaintiff's request for an extension to oppose the motion to dismiss is **DENIED** as moot.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**